**ORIGINAL**

REISSUED FOR PUBLICATION
SEP 17 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 20, 2018

FILED
AUG 20 2018
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| WANDA WITHERSPOON, | * | |
| | * | |
| Petitioner, | * | No. 18-87V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

## DECISION DISMISSING PETITION[1]

On January 18, 2018, Wanda Witherspoon ("petitioner") filed a petition, *pro se*, in the National Vaccine Injury Compensation Program ("Program").[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on September 29, 2017, she suffered from chronic phlegm-filled cough, chills, and a raspy voice. Petition at 2. Petitioner has not submitted medical records, an expert report, or other evidence in support of her claim. For the reasons stated herein, petitioner's claim is dismissed for failure to prosecute and for failure to respond to court orders.

### I. Procedural History

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

FedEx 837583792113

<s>Case 1:18-vv-00087-UNJ   Document 13   Filed 09/17/18   Page 2 of 3</s>

Petitioner filed her claim without medical records or other supporting documentation on January 18, 2018. I held an initial status conference on March 8, 2018. Initial Order (ECF No. 9). Petitioner appeared *pro se*, and Ms. Jennifer Reynaud appeared on behalf of respondent. *Id.* During the status conference, I explained to petitioner the role of a special master, the Vaccine Act's six-month severity requirement, and other aspects of the Program, and I granted her motion to proceed *in forma pauperis*. *Id.* Petitioner noted that she had not received a diagnosis from a treating physician, so I urged her to seek treatment and a diagnosis. *Id.* I informed petitioner that I cannot rule that she is entitled to compensation without support from medical records and other evidence. *Id.* I encouraged petitioner to obtain an attorney and provided her with a list of attorneys familiar with the Program. *Id.* I ordered petitioner to file all relevant medical records and a statement of completion by May 14, 2018. *Id.*

On May 2, 2018, petitioner telephoned my law clerk and left a voicemail informally requesting a motion for extension of time to file relevant medical records, which I granted. Scheduling Order (ECF No. 10). I ordered petitioner to file the relevant medical records and a statement of completion by July 9, 2018. I further encouraged petitioner to obtain an attorney and have him or her file a motion for substitution of counsel by that same date. Petitioner made no filings by this deadline and did not make other contact with the court.

On July 13, 2018, I issued an Order to Show Cause. ECF No. 11. I ordered petitioner to file a motion for substitution of counsel or show other cause why this case should not be dismissed for failure to prosecute by no later than **August 13, 2018**. *Id.* at 2. I warned petitioner that failure to respond to the Order to Show Cause would result in dismissal of her claim. *Id.* To date, petitioner has not filed a motion for substitution of counsel or medical records relevant to her claim, nor has she made other contact with the court.

## II.  Conclusion

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that he or she suffered a "Table injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present cast, petitioner does not allege a Table injury. Thus, to prevail on entitlement, petitioner must establish that the flu vaccine she received is the actual cause of her injuries. Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In the present case, petitioner has not submitted medical records or other evidence sufficient to establish entitlement to compensation, and petitioner has not submitted an expert report providing a medical theory linking her alleged injuries to the flu vaccine she received on September 29, 2017. Petitioner has not fulfilled her burden under the

<s>2</s>

Vaccine Act and *Althen*, and it is therefore appropriate to dismiss her claim for insufficient proof.

Further, when a petitioner fails to follow court orders, the special master may dismiss the petitioner's claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Saphasas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner has not submitted relevant medical records or other evidence in support of her claim despite being granted a motion for extension of time and being issued an order to show cause. This repeated failure to meet deadlines or otherwise inform the court constitutes a failure to prosecute, which is separate grounds for dismissal of petitioner's claim.

Pursuant to Rule 21(b) of the Rules of the United States Court of Federal Claims, this claim is DISMISSED for petitioner's failure to prosecute and failure to respond to court orders. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Thomas L. Gowen
Special Master